UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MICHAEL ALLEN SMITH,<br><br>                Petitioner,<br><br>   v.<br><br>MELISSA ANDREWJESKI,<br><br>                Respondent. | Case No. 3:23-cv-05132-TMC<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION |

       The Court, having reviewed the Report and Recommendation of Magistrate Judge Grady J. Leupold (Dkt. 14), Petitioner Michael Allen Smith's objections to the Report and Recommendation (Dkt. 15), and the remaining record, does hereby find and ORDER:

       (1) The Court adopts the Report and Recommendation.

             a.   The Court has conducted de novo review of the Report and Recommendation based on Mr. Smith's objections. Fed. R. Civ. P. 72(b); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). Mr. Smith's objections essentially reargue the issues raised in his petition and response, *see* Dkt. 15 at 1, and the Court finds those issues were adequately and

ORDER ADOPTING REPORT AND RECOMMENDATION - 1

persuasively addressed by Judge Leupold based on the complete record before the Court. The Court will briefly address each objection in turn.

b. Mr. Smith objects to "the Report and Recommendation . . . that claims 1 and 2 are not properly exhausted." Dkt. 15 at 1. But Judge Leupold concluded that claims 1 and 2 likely were exhausted, see Dkt. 14 at 6, and proceeded to consider the claims on their merits, id.

c. Mr. Smith objects that the Recommendation regarding his claim that the state court improperly excluded impeachment evidence about the victim's relationship with her boyfriend (Ground 1) overlooked (1) the trial court's confusion concerning testimony from two different witnesses and (2) that the state court of appeals decision rested in part on his failure to present evidence the trial court prevented him from developing. Dkt. 15 at 4–5. The Court has considered these objections but agrees with the Report and Recommendation that, based on the entire record, the state court did not unreasonably apply clearly established federal law in holding that exclusion of the evidence did not violate Mr. Smith's right to present a defense, because Mr. Smith was ultimately able to present his fabrication theory. "No Confrontation Clause violation occurs as long as the jury receives sufficient information to appraise the biases and motivations of the witness." *Hayes v. Ayers*, 632 F.3d 500, 518 (9th Cir. 2011).

d. Mr. Smith objects that the Recommendation regarding his claim that the trial court should have dismissed Juror 17 (Ground 3) "glossed over" the juror's statements and overlooked *McDonough Power Equip. v. Greenwood*, 464 U.S. 548 (1984). Mr. Smith correctly cites *McDonough*'s language that to

obtain a new trial, "a party must first demonstrate that a juror failed to answer honestly a material question on *voir dire*, and then further show that a correct response would have provided a valid basis for a challenge for cause." 464 U.S. at 556. But Mr. Smith has not met this standard—he has not shown that Juror 17 failed to answer honestly a material question during voir dire. The Court agrees with the Report and Recommendation's analysis that the state court did not unreasonably apply clearly established federal law when it held the trial court had no cause to excuse Juror 17 on its own.

e. Mr. Smith objects that Judge Leupold failed to address his "plain error" argument in the Recommendation regarding Mr. Smith's claim that the prosecutor misstated the burden of proof in closing argument (Ground 2). Dkt. 15 at 13. The Court concludes that Judge Leupold applied the proper standard of review to this federal habeas petition. *See* Dkt. 14 at 6–8. The Court agrees with the Report and Recommendation that considering the jury instructions and the overall context of the prosecutor's argument, Mr. Smith cannot show that the single challenged statement—to which he failed to object—"so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Darden v. Wainwright*, 477 U.S. 168, 181 (1986).

f. Mr. Smith objects that the prosecutor's references to rape (particularly, "this is a very rape-like situation," Dkt. 9-1 at 691) in closing argument were ill-intentioned and flagrant and violated his due process rights despite his lack of objection. Dkt. 15 at 17–18. The Court agrees with the Report and Recommendation that, in context, the prosecutor's remarks did not mischaracterize the charged crime as rape, but rather sought to explain why

the victim's earlier use of the word rape in recounting her experience to other witnesses "are not inconsistencies," based upon the victim's testimony that Mr. Smith forcibly tried to have sex with her and tried to put his fingers inside her. Dkt. 9-1 at 691–92. The Court agrees with the Report and Recommendation that the state court did not unreasonably apply clearly established federal law by rejecting Mr. Smith's claim that the prosecutor committed misconduct.

    g.  Mr. Smith objects to Judge Leupold's decision not to hold an evidentiary hearing. Dkt. 15 at 1. The Court agrees with the Report and Recommendation that an evidentiary hearing is unnecessary.

(2) Petitioner's federal habeas petition is DISMISSED with prejudice.

(3) A certificate of appealability is denied in this case.

(4) The Clerk is directed to send copies of this Order to Petitioner, counsel for Respondent, and to the Hon. Grady J. Leupold.

Dated this 16th day of October, 2023.

Tiffany M. Cartwright
United States District Court Judge